UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARY S. WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | 21 C 1955 |
| | ) | |
| vs. | ) | Judge Thomas M. Durkin |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | |
| DRUG ENFORCEMENT | ) | |
| ADMINISTRATION, and AGENTS, | ) | |
| | ) | |
| Defendants. | ) | |

**GOVERNMENT'S RESPONSE TO MOTION FOR RETURN OF SEIZED PROPERTY**

The United States of America, by JOHN R. LAUSCH, Jr., United States Attorney for the Northern District of Illinois, hereby submits its Response to Plaintiffs' Motion for Return of Seized Property. For the reasons set forth below, the government respectfully requests that plaintiffs' motion should be denied.

**INTRODUCTION**

On April 12, 2021, Plaintiff Mary S. Wilson filed a motion under Federal Rule of Criminal Procedure 41(g) seeking the return of $33,783 in seized currency or, in the alternative, ordering the government to initiate judicial forfeiture proceedings against the seized money. This Court should deny Plaintiff Wilson's Rule 41(g) motion for return of the $33,783 for lack of jurisdiction and deny her motion under Section 983(e) on the merits.

On April 20, 2021, the Drug Enforcement Administration (DEA) concluded an administrative forfeiture action against the $33,783 in currency seized from Wilson. Because DEA has completed the legal process of administratively forfeiting that currency, this Court lacks jurisdiction to consider Wilson's Rule 41(g) motion seeking the equitable relief of the return of that property.

Accordingly, now the seized currency has been administratively forfeited. Wilson's only remedy for challenging DEA's completed administrative forfeiture of the seized currency would be to bring a motion to set aside that administrative forfeiture for lack of notice under 18 U.S.C. § 983(e). But any such motion would fail based on the facts, as DEA did in fact give Wilson sufficient notice of DEA's commencement of administrative forfeiture proceedings against the seized $33,783 in currency.

## FACTS

On June 25, 2020, law enforcement with the DEA seized a total of approximately $33,783 in United States currency from the checked bag of Wilson at Chicago O'Hare International Airport, based on probable cause that the currency constituted illegal proceeds of narcotics trafficking.

On August 21, 2020, the DEA sent notice by certified mail, which included instructions on both filing a claim and on filing a petition for remission or mitigation, to Wilson of DEA's intent to administratively forfeit the approximately $33,783 in currency that had been seized from Wilson on June 25, 2020. Declaration of Vicki L. Rashid, (attached hereto as Exhibit A) ¶4(a-b). The mailed notices informed Wilson,

first, that she could file a claim with DEA to contest the forfeiture of the approximately $33,783 in seized currency, and that any such claim must be filed with DEA by September 7, 2020, and second, that in addition to, she could file a petition for remission or mitigation of the forfeiture with DEA and that any such petition must be filed with DEA within 30 days of receipt of the notice. *Id.* ¶4(c) Ex 1-2.

On September 18, 2020, DEA received a petition for remission or mitigation of forfeiture from Wilson. *Id.* ¶4(d) Ex 3.

On September 24, 2020, DEA sent a letter acknowledging receipt of the petition by certified mail. DEA checked the United States Postal Service website which confirmed the DEA's letter was delivered to the front desk of attorney Edward Johnson's office on October 9, 2020 *Id.* ¶4(e) Ex 4-5.

On February 22, 2021, DEA received a letter from Wilson's counsel, Edward Johnson, in which he stated that he had mistakenly filed a petition for remission on September 18, 2020, and that he had instead intended to file a claim. Attorney Johnson also asked DEA to accept his client's defective claim dated February 19, 2021. *Id.* ¶4(f) Ex. 6.

On March 18, 2021, DEA sent a letter to Attorney Johnson acknowledging DEA's receipt of Attorney Johnson's February 22, 2021 letter, but declining to extend the deadline to file a claim because, as Wilson's counsel had conceded, DEA received the claim well after the expiration of the September 7, 2020 deadline for filing a claim in the administrative proceeding. *Id.* ¶4(f-g) Ex. 7. The DEA granted counsel an additional thirty days to submit additional information to support the petition for

remission or mitigation. *Id.* But Wilson did not submit any additional information to support her petition for remission. *Id.* ¶4(g) Ex 7.

On April 20, 2021, after no timely claims or petitions had been filed to the approximately $33,783, DEA administratively forfeited the currency. *Id.* ¶4(f) Ex. 9.
.

## ARGUMENT

I. **Because DEA has commenced and completed an administrative forfeiture proceeding against the seized $33,783, this Court lacks jurisdiction over a Rule 41(g) motion for return of the forfeited currency.**

Because DEA commenced, and completed, the legal process for administratively forfeiting the approximately $33,783 in seized currency, the Court lacks jurisdiction over Wilson's Rule 41(g) motion seeking, as equitable relief, the return of that seized currency. *See United States v Sims,* 376 F.3d 705, 708 (7th Cir. 2004) ("The proper office of a Rule 41(g) motion is, before any forfeiture proceedings have been initiated, or before any criminal charges have been filed, to seek the return of the property seized without probable cause, or property held an unreasonable length of time without the institution of proceedings that would justify the seizure and retention of the property."); *see also United States v. $8,050.00 in U.S. Currency*, 307 F. Supp. 2d 922, 926-927 (N.D. Ohio 2004) (the comprehensive provisions enacted by CAFRA in Section 983 give a claimant an adequate remedy at law for contesting civil forfeiture, and accordingly once the government commences administrative forfeiture proceeding, the Rule 41(g) motion must be dismissed).

4

Thus, now that DEA has commenced and completed an administrative forfeiture against the approximately $33,783 in seized currency, this Court lacks jurisdiction over Wilson's Rule 41(g) motion for return of property.

**II.   Wilson failed to file a valid claim with the DEA even after DEA had reminded her that she had filed only a petition for remission or mitigation and not a claim.**

Procedurally, a claimant's timely filing of a valid claim as to property subject to administrative forfeiture stops all administrative forfeiture proceedings. The seizing agency then refers the claim to a United States Attorney Office that has venue over the matter. That USAO must then either (1) initiate a federal judicial action seeking forfeiture of the property within ninety (90) days of the date when the seizing agency received the claim or (2) return the seized property. *See* 18 U.S.C. § 983(a)(3). If the USAO commences a timely civil judicial forfeiture action against the property, a claimant may then challenge the forfeiture in that civil forfeiture action.

But if an individual fails to timely file a valid claim in the administrative forfeiture proceeding, the property is administratively forfeited. *See* 19 U.S.C. § 1609. In lieu of, or in addition to, filing a claim, an individual may request remission and/or mitigation of the administrative forfeiture by filing a Petition for Remission or Mitigation of Forfeiture within thirty days of the notice of seizure. 28 C.F.R. § 9.3. Persons who choose to solely pursue the administrative remedies of remission or mitigation waive their opportunity for judicial forfeiture proceedings. *Conservation Force v Salazar,* 646 F.3d 1243 (9th Cir. 2011). Accordingly, the DEA did not err by treating the petition as what it was - a petition for remission and not an

administrative claim. *See, e.g., Capehart v. United States*, No. 5:19-cv-00933-DMG-RAO, 2019 WL 8198212 (C.D. Cal. Spet.25, 2019) (holding that seizing agency properly considered claimant's petition for remission as a petition and not an administrative claim).

Here, on September 18, 2020, Wilson filed only a petition for remission or mitigation of forfeiture, and not a claim. (*See Decl. of Vicki Rashid* ¶4 (d), Ex. 3. On September 24, 2020, DEA sent a letter to Wilson acknowledging receipt of the petition, which put Wilson on notice that she did not file a claim. *Id*. ¶4(e), Ex. 4. On April 20, 2021, after the time limit for filing the claim had expired, DEA administratively forfeited the $33,783. *Id.* ¶4(h), Ex. 9. Even after DEA put her on notice on September 24, 2020, that she had filed only a petition for remission or mitigation and not a claim, Wilson still failed to file a claim before the September 25, 2020 filing deadline, and she also failed to do so, for more than four months thereafter. *Id.*¶4(f) Ex 6. Only on February 22, 2021, more than four months after she had received the original seizure notice did Wilson's counsel send a letter to DEA stating that counsel had filed a petition from remission or mitigation by mistake and that counsel had instead intended to file a claim. *Id.* ¶4(f) Ex 6. Counsel submitted a defective claim with the letter and asked DEA to accept his client's defective claim. *Id.* ¶4(f) Ex 6. On March 18, 2021, because counsel had initially filed a petition and not a claim, DEA responded to counsel's letter and declined to extend the deadline to file a claim. *Id.* ¶4(g) Ex. 7. However, DEA graciously provided counsel an additional

6

thirty (30) days to submit additional information as part of his client's petition, which counsel did not do. *Id.*

The DEA did not err by treating Wilson's petition as a petition for remission and not an administrative claim.

### III. The Court should decline to construe Wilson's Rule 41(g) motion as a motion under 18 U.S.C. § 983(e).

The court should not construe Wilson's Rule 41(g) motion as a motion to set aside DEA's declaration of administrative forfeiture under 18 U.S.C. § 983(e). Section 983(e) permits a Court to set aside a declaration of administrative forfeiture for lack of notice of the administrative forfeiture proceedings. *See* § 983(e)(2). Here, any such motion would lack any factual basis. DEA gave timely and adequate notice of the administrative forfeiture proceedings against the seized currency to Wilson. That she received timely notice of her right to file a claim is underscored by the fact that, she timely filed a petition for remission or mitigation, which shows that she received the notice letter advising her of her right to file a claim or such a petition. Furthermore, Wilson has not challenged the sufficiency of the notice of forfeiture that DEA provided to her.

7

## CONCLUSION

For the reasons, set forth above, government respectfully requests that this Court deny Mary S. Wilson's motion for return of property under Rule 41(g) and decline her motion under Section 983(e) on the merits.

 

Respectfully submitted,

JOHN R. LAUSCH, Jr.
United States Attorney

By:    /s/ *Anthony Chmura*
ANTHONY CHMURA
Assistant United States Attorney
219 S. Dearborn Street, Fifth Floor
Chicago, Illinois 60604
(312) 353-5300