UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARY S. WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | 21 C 1955 |
| | ) | |
| vs. | ) | Judge Thomas M. Durkin |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | |
| DRUG ENFORCEMENT | ) | |
| ADMINISTRATION, and AGENTS, | ) | |
| | ) | |
| Defendants. | ) | |

**GOVERNMENT'S SURREPLY TO PLAITIFF'S REPLY TO GOVERNEMENT'S RESPONSE TO MOTION FOR RETURN OF SEIZED PROPERTY**

The United States of America, by JOHN R. LAUSCH, Jr., United States Attorney for the Northern District of Illinois, hereby submits its Response to Plaintiffs' Reply to Government's Response to Motion for Return of Seized Property. For the reasons set forth below, the government respectfully requests that plaintiffs' motion should be denied.

**INTRODUCTION**

On April 12, 2021, Plaintiff Mary S. Wilson filed a motion under Federal Rule of Criminal Procedure 41(g) seeking the return of $33,783 in seized currency or, in the alternative, ordering the government to initiate judicial forfeiture proceedings against the seized money. On July 1, 2021, the government filed its Response to Plaintiff's Motion. On August 8, 20, 2021, Plaintiff filed her Reply to Government's

Response to Motion for Returned Seized Property. Pursuant to court order issued on October 14, 2021 the government should address Plaintiff's Excessive Fines Clause claim.

## ARGUMENT

**I.     The government previously did not address Plaintiff's Excessive Fines claim because DEA has commenced and completed an administrative forfeiture proceeding against the seized $33,783 and this Court therefore lacks jurisdiction over a Rule 41(g) motion for return of the forfeited currency.**

The government previously did not address Plaintiff's Excessive Fines claim because DEA has commenced, and completed, the legal process for administratively forfeiting the approximately $33,783 in seized currency and the Court therefore lacks jurisdiction over Wilson's Rule 41(g) motion seeking, as equitable relief, the return of that seized currency. *See United States v Sims,* 376 F.3d 705, 708 (7th Cir. 2004) ("The proper office of a Rule 41(g) motion is, before any forfeiture proceedings have been initiated, or before any criminal charges have been filed, to seek the return of the property seized without probable cause, or property held an unreasonable length of time without the institution of proceedings that would justify the seizure and retention of the property."); *see also United States v. $8,050.00 in U.S. Currency*, 307 F. Supp. 2d 922, 926-927 (N.D. Ohio 2004) (the comprehensive provisions enacted by CAFRA in Section 983 give a claimant an adequate remedy at law for contesting civil forfeiture, and accordingly once the government commences administrative forfeiture proceeding, the Rule 41(g) motion must be dismissed).

Thus, now that DEA has commenced and completed an administrative forfeiture against the approximately $33,783 in seized currency, this Court lacks jurisdiction over Wilson's Rule 41(g) motion for return of property.

**II. The government previously did not address Plaintiff's Excessive Fines claim because the Court should decline to construe Wilson's Rule 41(g) motion as a motion under 18 U.S.C. § 983(e).**

The government previously did not address Plaintiff's Excessive Fines claim because the court should not construe Wilson's Rule 41(g) motion as a motion to set aside DEA's declaration of administrative forfeiture under 18 U.S.C. § 983(e). Section 983(e) permits a Court to set aside a declaration of administrative forfeiture for lack of notice of the administrative forfeiture proceedings. *See* § 983(e)(2). Here, any such motion would lack any factual basis. DEA gave timely and adequate notice of the administrative forfeiture proceedings against the seized currency to Wilson. That Wilson received timely notice of her right to file a claim is underscored by the fact that she timely filed a petition for remission or mitigation—which shows that she received the notice letter advising her of her right to file a claim or such a petition. Furthermore, Wilson has not challenged the sufficiency of the notice of forfeiture that DEA provided to her.

**III. Even if the Court had jurisdiction to consider an Excessive Fines challenge to a completed administrative forfeiture matter, the forfeiture of criminal proceeds is not grossly disproportionate to the gravity of the offense giving rise to forfeiture.**

The Eighth Amendment prohibits excessive fines. *See* U.S. Const. amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed . . . ."). Civil forfeitures can violate that prohibition. *See Austin v. United States*, 509 U.S. 602, 604,

3

113 S.Ct. 2801, 125 L.Ed.2d 488 (1993). Although the Eighth Amendment does apply to the criminal and civil forfeiture of proceeds of crime, such proceeds forfeitures are generally held not to violate the Eighth Amendment because the forfeiture of proceeds of the offense giving rise to forfeiture is necessarily proportionate to the gravity of that offense. *See, e.g., United States v. One Hundred Thousand & One Hundred Twenty Dollars ($100,120),* 901 F.3d 758 (7th Cir.2018) (where jury determined that seized currency was substantially connected to illegal drug transaction, forfeiture of the entire amount seized is not grossly disproportional to the underlying and illegal drug activity giving rise to the forfeiture and its forfeiture was not an excessive fine in violation of the Eight Amendment and 18 U.S.C. § 983(g)); *United States v. Black*, 526 F. Supp. 2d 870, 885 & n.10 (N.D. Ill. 2007) (holding that Eight Amendment applies to proceeds forfeitures but that "as direct proceeds of a crime, [proceeds forfeitures] are not disproportionate to the offense" and concluding that the amount of proceeds forfeited in case is "directly proportional" as "correspond[ing] to the amount that [d]efendants wrongfully diverted from" the victim via their fraud scheme).

But here, Wilson is not raising an Eighth Amendment challenge in connection with a criminal or civil judicial forfeiture matter. Rather, she raised this challenge in connection with a completed administrative forfeiture matter in which she failed to file a timely claim and which matter, as a result, is beyond this Court's jurisdiction to review on this ground. If Wilson had wanted to raise an Eighth Amendment challenge, she should have filed a claim; required the government to pursue a civil

4

judicial action; and raised an Eighth Amendment challenge, on which she would bear the burden of proof, under 18 U.S.C. § 983(g). But she cannot assert an Eighth Amendment challenge to correct her procedural default—of knowingly and admittedly filing a petition for remission or mitigation of forfeiture rather than a claim—to try to resurrect this now-completed administrative forfeiture and force the government to now litigate the merits of this case in a United States District Court.

## CONCLUSION

For the reasons set forth above, the government respectfully requests that this Court deny, on the merits, both Plaintiff Mary S. Wilson's motion for return of property under Rule 41(g) as well as her motion under Section 983(e).

        Respectfully submitted,

        JOHN R. LAUSCH, Jr.
        United States Attorney

By:   /s/ *Anthony Chmura*
        ANTHONY CHMURA
        Assistant United States Attorney
        219 S. Dearborn Street, Fifth Floor
        Chicago, Illinois 60604
        (312) 353-5300