IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARY S. WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | 21 C 1955 |
| | ) | |
| vs. | ) | Hon. Thomas M. Durkin |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | |
| DRUG ENFORCEMENT | ) | |
| ADMINISTRATION, and AGENTS, | ) | |
| | ) | |
| Defendants. | ) | |

**THE COURT DOES HAVE JURISDICTION OVER PLAINTIFF'S EXCESSIVE FINES CLAUSE CLAIM IF FEDERAL RULE OF CRIMINAL PROCEDURE 41(G) DOES NOT PROVIDE JURISDICTION**

Plaintiff, Mary S. Wilson, by and through counsel, Edward D. Johnson III, hereby submits that this Court does have jurisdiction over her Excessive Fines Clause Claim Under the Eighth Amendment to the United States Constitution even if Federal Rule of Criminal Procedure 41(G) does not provide jurisdiction. Plaintiff respectfully requests this Court to return the funds seized by the executive branch or hear her claim because Mrs. Wilson will suffer an irreparable harm and will be left with an inadequate remedy at law if the Court does not intervene. Furthermore, money was taken by federal agents from a middle-aged woman located in Airport Compliance Program "ACP" property in Illinois while traveling to ACP property in California which gives the judicial branch equitable jurisdiction through the eighth amendment to the U.S. Constitution excessive fines clause because Mrs.

Wilson has claimed 100% of the money that was seized on federal land by federal agents and will suffer irreparably without remedy.

## INTRODUCTION

Federal Question Jurisdiction is one of the ways for a federal court to obtain subject-matter jurisdiction over a case; the other way is through diversity jurisdiction. Federal question jurisdiction exists when the Plaintiff's well pleaded complaint explicitly contains references to the federal question and the federal issue which is evoked by the claim. A well pleaded complaint is one that contains on its face a claim for a cause of action that arises under federal law. Article III of the Constitution enables federal courts to hear "all cases, in law and equity, arising under this Constitution, and the laws of the United States…" *U.S. Const. Art. III, Sec. 2.* The Court has further interpreted this to include permissions for federal courts to hear any case in which there is a "federal ingredient." *Osborn v. Bank of the United States*, 9 Wheat. (22 U.S.) 738 (1824). Thus, a federal question need not be addressing a specific federal law but must only present some entanglement with the federal government or the law thereof. This is further reiterated in *Smith v. Kansas City Title & Trust Co.*, where the Court held that a claim can give rise to federal question jurisdiction so long as it "appears from the complaint that the right to relief depends upon the construction or application of federal law." *Smith v. Kansas City Title & Trust Co.*, 41 S. Ct. 243 (1921).

In order for Jurisdiction to be attained, however, both constitutional and statutory components must be addressed. The above paragraph establishes the constitutional components; thus, the statutory requirement contained in 28 USC 1331 must also be met.

2

Federal courts have original jurisdiction only to cases which arise under the Constitution, laws, or treaties of the United States. 28 USC 1331. The Court has further defined what it means for a case to "arise" by stating that a "suit arises under the law that creates the cause of action." *American Well Works v. Layne*, 241 U.S. 257 (1916). This narrows slightly the Constitutional requirement to limit federal question jurisdiction to matters squarely within the federal sphere of law. Therefore, making it most likely for suits based on federal law to create federal question jurisdiction. *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908).

## ARGUMENT

**I.    The Court Has Jurisdiction to Resolve This Issue Over Plaintiff's Excessive Fines Claim Even If Federal Rule of Criminal Procedure 41(G) Does Not.**

The Eighth Amendment to the United States Constitution falls under the federal question jurisdiction. Under 28 USC 1331, In order to establish standing under Article III, the Plaintiff must show the following: (1) an injury in fact; (2) that the injury is at least fairly traceable to the challenged conduct of the Defendant; and (3) that the injury is likely to be remedied by a favorable judicial decision. U.S. Const. Art. III. Thus, since Mrs. Wilson's funds had been taken from her possession at an airport that receives Federal grant funds; these funds were seized, detained, deposited by DEA agents; and this court is able to fully order the DEA to return the funds or require the government to initiate judicial forfeiture proceedings, this Court possesses the authority under U.S. Const. Art. III.

The Court has jurisdiction because the DEA has acted in bad faith by commencing, and completing, the legal process by administratively forfeiting the approximately $33,783 in seized currency even after the DEA received notice from counsel of Mr. Wilson's claim that further explained the scripting error. Nevertheless, the DEA went forward forfeiting the property. Thus, after the DEA knew of the error by the plaintiff's counsel, they went forward to forfeit and are trying to argue that commencing and completing destroys the jurisdiction, however, but for, the agency receiving notice, the DEA acted in bad faith by putting the blinders on and deliberately moving forward commencing, and completing, the forfeiture action they have acted unfairly requiring the court to intervene and provide Mrs. Wilson remedy for this irreparable harm.

**II. The Court Has Jurisdiction Over Plaintiff's Civil Action Claim Because The Eighth Amendment Has Been Applied To The Civil Court.**

The Eighth Amendment's Excessive Fines Clause protects individuals against excessive punitive economic sanctions and the Supreme Court has held that this protection is addressed to federal district courts exercising criminal jurisdiction. *Ex parte Watkins*, 32 U.S. 568 (1833). Further, the Court held that the Excessive Fines Clause does not apply solely to criminal proceedings but that it also applies to remedial civil proceedings so long as part of the underlying purpose of the fine is punitive. *Austin v. U.S.*, 113 S. Ct. 2801 (1993).

When the Eighth Amendment was originally drafted, the term "fine" was "understood to mean a payment to a sovereign as punishment for some offense." *Browning-Ferris Industries of Vt., Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 265, 109 S.

4

Ct. 2909, 2915, 106 L. Ed. 2d 219 (1989). A statutory in rem forfeiture can be classified as the forfeiture of property, which is not specifically contraband nor which can be only used for illegal purposes; thus, the forfeiture of U.S. Currency would fall into the statutory in rem forfeiture category. *Austin v. U.S.*, 113 S. Ct. 2801, (1993). Further, the Excessive Fines Clause of the Eighth Amendment applies to in rem civil forfeiture proceedings because forfeiture of property used or intended to be used in drug offenses is "payment to a sovereign as punishment for some offense." *Id.* at 622. Furthermore, Mrs. Wilson has not been charged with any crime. It is not illegal to possess large sums of money. The eight amendment was intended to protect the people of the Untied State from these exact issues of excessive fining Mrs. Wilson $33,783 because she flew from Illinois to California.

### III. The Court Has Inherent Jurisdiction to Hear the Case Based on Equitable Grounds.

Lastly, Plaintiff would emphasize her initial arguments that the Court has jurisdiction over this matter. *See* Plaintiff's Motion, pp. 3-5. "The Seventh Circuit recognizes 'an independent cause of action for return of property based on equitable jurisdiction of the federal courts.'" *Interstate Cigar Co. v. United States*, 928 F.2d 221, 222 n.1. (7th Cir. 1991). Since the inception of the federal courts and the initial seizures before it, claimants have had the ability to file an equitable action seeking an order compelling the filing of the forfeiture action or return of the seized property. *See Slocum v. Mayberry et al.*, 15 U.S. 1 (1817) (Marshall, C.J.). Chief Justice Marshall writing, "If the seizing officer refused to institute proceeding to ascertain the for[f]eiture, the district court may, upon

5

application of the aggrieved party, compel the officer to proceed to adjudication, or to abandon the seizure." *Id.* at *1-2. This further emphasizes the Court's ability, and responsibility, to ensure that Plaintiff has the opportunity to test the legality of the seizure in the forfeiture proceeding.

Plaintiff's Motion demonstrated that Plaintiff did all that was reasonably expected of her to pursue an administrative resolution before filing the Rule 41(g) motion, and Plaintiff's Motion argues, in detail, why the remedy available to Plaintiff at that time was inadequate as a matter of law; because Plaintiff would be unable to adequately challenge the merits of the seizure. *See* Plaintiff's Motion, pp. 5-7. Only a judicial proceeding, conducted by a neutral decision maker, with all the tools necessary to fully investigate the merits of the seizure, would allow Plaintiff to adequately and fairly contest the seizure of Plaintiff's significant property interest and hold the Government to its high burden.

Equitable jurisdiction is appropriate in cases, such as Plaintiff's, where equity demands intervention. As discussed, the Eighth Amendment Excessive Fines Clause protects individuals against punitive economic sanctions. This notion that the government should not be permitted to impose excessive fines on its citizens is essential to our Nation's scheme of liberty and aligns with the values carried on throughout U.S. history. Therefore, preventing the government from imposing an excessive economic sanction upon a citizen is a vital responsibility of the court as it seeks to uphold the laws and values of the United States.

WHEREFORE, for the reasons contained herein and with consideration to Plaintiff's initial Motion, Plaintiff Mary S. Wilson, respectfully requests that this Court to

6

enter an order requiring the Government to initiate judicial forfeiture proceedings or return Plaintiff's property, or for any other relief the Court deems necessary and just.

Date: November 4, 2021

                                                  Respectfully Submitted,

/s/ *Edward D. Johnson III*
Attorney for Plaintiff
1945 S. Halsted St.
Pilsen East Center - Suite 309
Chicago, IL 60608
Ofc: 708-606-4386
Fax: 708-526-9837
info@edwardjohnsonlaw.com

7