UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY S. WILSON, | |
| Plaintiff, | No. 21 C 1955 |
| v. | Judge Thomas M. Durkin |
| UNITED STATES OF AMERICA; U.S. DEPARTMENT OF JUSTICE; DRUG ENFORCEMENT ADMINISTRATION; and AGENTS, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Mary Wilson brings a motion to recover seized property pursuant to Federal Rule of Criminal Procedure 41(g). Such motions are "civil in character," *United States v. Sims*, 376 F.3d 705, 708 (7th Cir. 2004), so the motion is before the Court under a civil case number. In response, the United States seeks dismissal for lack of subject matter jurisdiction. That request is granted, Wilson's motion is denied, and the case is dismissed.

## Background

On June 25, 2020, Wilson was traveling with $33,783.00 in cash when DEA agents seized her property at O'Hare Airport. The DEA issued a notice of seizure on August 21, 2020. R. 1-1. That notice explained that Wilson could "file both a claim and a Petition for Remission." *See id.* at 2. The notice explained further that, "If you file only a petition and no one else files a claim, your petition will be decided by the seizing agency." *Id.* The notice emphasized:

> **TO CONTEST THE FORFEITURE OF THIS PROPERTY IN UNITED STATES DISTRICT COURT YOU MUST FILE A CLAIM.** *If you do not file a claim, you will waive your right to contest the forfeiture of the asset. Additionally, if no other claims are filed, you may not be able to contest the forfeiture of this asset in any other proceeding, criminal or civil. . . . A claim must be filed to contest forfeiture. . . . Failure to file a claim by* **11:59 PM EST** *on* **September 25, 2020** *may result in the property being forfeited to the United States.*

*Id.* at 3 (emphases in original).

In response, Wilson submitted a petition for remission to the DEA on September 18, 2020. *See* R. 1-2. The DEA confirmed receipt of the petition by mail on September 24, 2020, *see* R. 1-3, which was received by Wilson's attorney on October 9, 2020, *see* R. 20 at 29-30.

Wilson alleges that she intended to file a claim instead of a petition for remission. Had Wilson filed a claim, the government would have been required to respond within 90 days. *See* 18 U.S.C. § 983(a)(3)(A). Believing she had filed a claim, Wilson waited for this response. But it was not until February 19, 2021 that Wilson sent a letter to the DEA explaining her error. *See* R. 1-4. In that letter, Wilson requested an extension of the time to file a claim. *Id.* The DEA rejected this request but provided Wilson time to supplement her petition for remission. *See* R. 1-5. Wilson did not supplement her petition, and instead filed this motion on April 12, 2021. The DEA completed the administrative forfeiture proceedings on April 20, 2021. *See* R. 11 at 4.

## Analysis

Wilson recognizes the fundamental problem with her motion from the outset when she argues that "the Court has jurisdiction to resolve this issue." R. 1 at 3. That is simply inaccurate. "By initiating administrative forfeiture proceedings . . . an agency holding seized property divests the district court of subject matter jurisdiction to review the forfeiture." *Mohammad v. United States*, 169 F. App'x 475, 480 (7th Cir. 2006); *see also United States v. Sims*, 376 F.3d 705, 708 (7th Cir. 2004) ("The proper office of a Rule 41(g) motion is before any forfeiture proceedings have been initiated[.]"). Other courts in this district have denied motions like Wilson's for lack of subject matter jurisdiction. *See Troconis-Escovar v. United States*, 2022 WL 1078208 (N.D. Ill. Mar. 31, 2022); *Rivera–Bridigo v. Forfeiture Counsel*, 2014 WL 2769154, \*3 (N.D. Ill. June 18, 2014); *United States v. Ademiju*, 2015 WL 4116830, \*2 (N.D. Ill. July 6, 2015).

Wilson implicitly acknowledges the Court's lack of jurisdiction by arguing that the Court possesses alternative jurisdiction in equity. *See* R. 1 at 3. But the cases Wilson cites to support exercise of the Court's equitable powers are either inapposite or outdated. The passage of the Civil Asset Forfeiture Reform Act in 2000 created the notice and claim process discussed above. That statute preserves district court jurisdiction to address claims of deficient notice. *See* 18 U.S.C. § 983(e); *see also Mohammad*, 169 F. App'x at 481 ("[T]he Civil Asset Forfeiture Reform Act of 2000, *see* 18 U.S.C. § 983(e), made explicit that an aggrieved party could move to set aside even a completed forfeiture if notice of the administrative forfeiture proceedings were

not received."). But the notice and claim process established by that statute also served to remove any other basis for district courts to exercise "equitable jurisdiction" with respect to seeking return of property seized by the government. "Accordingly," the Seventh Circuit has "moved away from the idea of 'equitable jurisdiction' in cases like this one." *Id*. Thus, not only is "equitable jurisdiction" irrelevant to Wilson's circumstances because she does not allege deficient notice, but that form of "jurisdiction," other than that provided by the statute, is no longer recognized.

In the alternative, Wilson argues that the seizure and forfeiture of her money constitutes an excessive fine in violation of the Eighth Amendment. She argues that even if the Court does not have subject matter jurisdiction over her claim for the money itself, the Court can adjudicate her Eighth Amendment claim. This argument, however, is based on a fundamental misunderstanding of the distinction between a claim and a legal theory. Wilson has only one claim—for the money that was taken from her. The Eighth Amendment might be a basis to argue that the money should be returned to her, i.e., it may provide a legal theory to support her claim. But she is still missing the middle piece, which is the Court's jurisdiction to consider that argument or legal theory. As discussed, Wilson's failure to file a timely administrative claim divested the Court of jurisdiction. So the Court can't consider any argument that the money should be returned to Wilson, based on the Eighth Amendment or otherwise.

4

**Conclusion**

Therefore, Wilson's motion is denied, and this case is dismissed.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated:  June 9, 2022